JILL MICHELLE SEVERE V. STATE OF TEXAS

NO 07-99-0333-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2000

JILL MICHELLE SEVERE,

   Appellant

v.

THE STATE OF TEXAS,

   Appellee

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 38,520-B; HON. SAMUEL KISER, PRESIDING

Before QUINN and REAVIS and JOHNSON, JJ.

Jill Michelle Severe (appellant) appeals from a judgment under which she was convicted of aggregated theft over $1,500, a state jail felony.  The trial court, pursuant to a plea agreement, deferred a finding of guilt and placed appellant on three years deferred adjudication community supervision (probation).  Subsequently, the State filed a motion to proceed with adjudication and, during the hearing on this motion, appellant pled true to the allegations contained therein.  The trial court then sentenced appellant to eighteen months in a state jail facility and appellant timely filed her notice of appeal.  For reasons later stated, we reverse and remand appellant's case for a new punishment hearing.

Appellant's initial counsel on appeal filed an 
Anders
(footnote: 1) brief, representing to us that she believed the appeal was meritless.  Based upon this representation and counsel’s motion to withdraw, we permitted her to withdraw as counsel.  However, our independent review of the record 
disclosed potential error concerning the propriety of sentencing appellant to prison, as opposed to placing her on community supervision.    Therefore, we abated and remanded the appeal to the trial court to 1)  determine if appellant wished to continue her appeal and, 2) appoint new counsel.  Thereafter, the trial court appointed new counsel.  The latter then filed a brief through which appellant contended that since her offense was a state jail felony, the court was obligated to place her on community supervision.  No responding brief was filed by the State, nor did the State move for an extension of time within which to file one.

At bar, the record reflects that appellant was indicted for, and convicted of, theft of over $1,500 but less than $20,000.  Furthermore, the various offenses which were aggregated to comprise the amount of the theft occurred during May and June of 1997.  Thus, the crime constituted a state jail felony, 
Tex. Penal Code Ann
.
 § 31.04(e)(4) (Vernon’s Supp. 2000), and the sentence applicable thereto was governed by article 42.12, section 15(a) of the Texas Code of Criminal Procedure as it existed before September 1, 1997.
(footnote: 2)  That provision mandated that  

[o]n conviction of a state jail felony . . . the judge 
shall
 suspend the imposition of the sentence of confinement and place the defendant on community supervision, 
unless
 the defendant has been previously convicted of a felony, in which event the judge may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence to be executed.

(Emphasis added).   Given this directive and the absence of any evidence indicating that appellant had previously been convicted of a felony, the trial court was obligated to place appellant on community supervision.  Yet, it sentenced her to eighteen months imprisonment.  

In so sentencing appellant, the trial court erred.  Furthermore, its error was harmful since appellant could not have been punished through incarceration.  Accordingly, we sustain appellant’s issue, reverse that portion of the judgment sentencing appellant to eighteen months incarceration in a state jail facility, and remand the case for further proceedings on punishment alone.

Brian Quinn

    Justice

Do not publish.

FOOTNOTES
1:
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2:
Al
t
hough art. 42.12, section 15(a) of the Texas Code of Criminal Procedure was amended, the amendments did not become effective until September 1, 1997.  Furthermore, they did not apply to offenses which occurred before that date.  S.B. 663, §§  6(b) & 7, Chap. 488 75
th
 Leg. Reg. Sess., 2 Gen. Sess. Laws 1812, 1814 (1997).